MLRN LLC v U.S. Bank N.A. (2021 NY Slip Op 00025)





MLRN LLC v U.S. Bank N.A.


2021 NY Slip Op 00025


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 652712/18 Appeal No. 12765 Case No. 2020-00886 

[*1]MLRN LLC, Plaintiff-Respondent,
v
U.S. Bank National Association, Defendant-Appellant. The American Bankers Association, amicus curiae.


Jones Day, New York (David F. Adler and Louis A. Chaiten of the bar of the State of Ohio, admitted pro hac vice, of counsel), for appellant.
Wollmuth Maher & Deutsch LLP, New York (John R. Hein and Timothy A. DeLange of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.
Faegre Drinker Biddle & Reath LLP, New York (Clay J. Pierce of counsel), Amicus Curiae.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 13, 2019, which, insofar as appealed from, denied defendant's motion to dismiss the amended complaint with prejudice pursuant to CPLR 3211(a)(1), (5), and (7), unanimously affirmed, with costs.
Defendant — who was also the defendant in Blackrock Balanced Capital Portfolio (FI) v U.S. Bank N.A. (165 AD3d 526 [1st Dept 2018]) — may not relitigate the issue that it raised therein and that was decided against it (see e.g. Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]), namely, "Once performance of the demand requirement in the no-action clause is excused, performance of the entire provision is excused, including the requirement that demand be made by 25% of the certificate holders" (Blackrock, 165 AD3d at 528).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021